

# Fourth Court of Appeals
## San Antonio, Texas

January 9, 2019

No. 04-18-00308-CR

Quinton **COX**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 16-10-00139-CRK
Honorable H. Paul Canales, Judge Presiding

# O R D E R

Appellant's court-appointed attorney has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which counsel asserts there are no meritorious issues to raise on appeal. Counsel sent copies of the brief and motion to withdraw to appellant and explained appellant's rights to review the record, file a pro se brief, and file a pro se petition for discretionary review if this court determines the appeal is frivolous. *See Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). In addition, counsel's letter advised appellant to immediately file a motion in this court to review the appellate record, and counsel enclosed a form motion for this purpose. *See id.*

If appellant desires access to the appellate record, the court must receive his motion by **January 22, 2019.** If appellant desires to file a pro se brief, we **order** that he do so by **February 8, 2019.**

If appellant files a timely pro se brief, the State may file a responsive brief no later than thirty days after appellant's pro se brief is filed in this court. Alternatively, if appellant does not file a timely pro se brief, the State may file a brief in response to counsel's brief no later than **March 11, 2019.**

We further **order** the motion to withdraw filed by appellant's counsel is held in abeyance pending further order of the court. *See Penson v. Ohio*, 488 U.S. 75, 80-82 (1988) (holding that a motion to withdraw should not be ruled on before appellate court independently reviews the record to determine whether counsel's evaluation that the appeal is frivolous is sound); *Schulman v. State*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008) (same); *see also Kelly*, 436 S.W.3d at

319 (appointed counsel's duties of representation do not cease when he files a motion to withdraw; counsel must continue to "act with competence, commitment and dedication to the interest of the client" until the court of appeals grants the motion). Accordingly, no new attorney will be appointed for appellant at this time.

We further **order** the clerk of this court to serve a copy of this order on appellant, his counsel, the attorney for the State, and the clerk of the trial court.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of January, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court